**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lynn Roy HIGGINS, Defendant-Appellant.**

**No. 157, Docket 33597.**

United States Court of Appeals Second Circuit.

Submitted Sept. 17, 1969.

Decided Oct. 9, 1969.

H. Kenneth Schroeder, Jr., Acting U. S. Atty., and Stephen S. Joy, Asst. U. S. Atty., Western District of New York, Buffalo, New York, on the brief, for appellee.

Robert Schmitt, Rochester, New York, on the brief, for appellant.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

**PER CURIAM:**

Lynn Roy Higgins, age 20, was declared delinquent by his local draft board in Rochester, New York, for failure to have his Selective Service classification card in his possession, and he was ordered to report for induction into the armed forces January 8, 1968. When he did not do so, he was convicted of failing to report for and submit to induction, in violation of 50 U.S.C. App. § 462(a). He was sentenced to a term of imprisonment of one year and one day.

The appellant argues that the Military Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq., was enacted in violation of the Tenth Amendment to the Constitution and also that it abridges the Thirteenth Amendment by imposing involuntary servitude.

"The power of Congress to classify and conscript manpower for military service is 'beyond question'" constitutional. United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); Lichter v. United States, 334 U.S. 742, 755–758, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948); Selective Draft Law Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349 (1918). "The [Tenth] Amendment states but a truism that all is retained which has not been surrendered," United States v. Darby Lumber Co., 312 U.S. 100, 124, 61 S.Ct. 451, 462, 85 L.Ed. 609 (1941), and must yield when confronted with a necessary and proper exercise of an enumerated power granted

to Congress. A draft law is such an exercise of the power to raise armies contained in Art. I, § 8, cl. 12 of the Constitution. As the above cited cases make clear, it has also been established for 50 years that conscription into the armed forces does not violate the Thirteenth Amendment.

Affirmed.